IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| v. | :    **CASE NO:** |
| | :    **1:13-CR-15-WLS-TQL–1** |
| **CURTIS BERNARD DONALDSON,** | : |
| Defendant. | : |

## ORDER

Before the Court are Defendant's duplicate motions for sentence reduction (Docs. 693, 695) (together the "Motions to Reduce") in which Defendant requests his sentence be reduced in accordance with 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 4A1.1, Amendment 821. For the following reasons, Defendant's Motions to Reduce are **DENIED**.

I.    F<small>ACTUAL AND</small> P<small>ROCEDURAL</small> B<small>ACKGROUND</small>

This case was initiated on March 13, 2013, with a sixteen count Indictment charging Defendant Curtis Bernard Donaldson ("Donaldson") and eight co-defendants with Conspiracy to Possess with Intent to Distribute Marijuana, Cocaine and Cocaine Base, among other charges involving distribution of and possession with intent to distribute controlled substances. (Doc. 1). Donaldson was charged in fourteen of the sixteen counts. On September 25, 2013, Donaldson pled guilty to Count One – Conspiracy to Possess with Intent to Distribute Marijuana, Cocaine and Cocaine Base. (Docs. 202, 203). In exchange, the Government agreed to dismiss the remaining charges against Donaldson.

Donaldson was originally sentenced on March 19, 2014, to a term of 324 months imprisonment and a five-year term of supervised release. His total offense level was determined to be 39 with a criminal history category of III, which yielded an advisory sentencing range of 324 to 405 months. The Government subsequently filed a Rule 35 motion (Doc. 441) on Donaldson's behalf which reduced his sentence to 252 months imprisonment after he testified at certain trials. (Doc. 451). On April 29, 2015, Donaldson received a further

1

reduction in sentence pursuant to Amendment 782 which resulted in a sentence of 204 months imprisonment. (*See* Docs. 456, 459).

On February 5, 2024, the Government filed a response (Doc. 696) ("Response") in opposition to Defendant's current Motions to Reduce. Counsel was appointed to represent Donaldson and a Supplemental Motion and Brief (Doc. 703) ("Supplemental Brief") was filed on Donaldson's behalf on March 22, 2024. The matter is ripe for decision.

**II.    LAW AND ANALYSIS**

Donaldson moves for a further reduction of his sentence under retroactive Amendment 821, Part A to the United States Sentencing Guidelines which became effective November 1, 2023. Prior to Amendment 821, two additional criminal history points were added to a defendant's criminal history score for being under a criminal justice sentence when such defendant committed the instant Federal offense. Under Amendment 821, defendants with less than seven (7) criminal history points receive no additional points for being under a criminal justice sentence at the time of the instant offense. Pursuant to U.S.S.G. § 1B1.10(b)(2)(A), except in cases in which the Court departed downward based on substantial assistance, the Court shall not reduce a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range.

At the time Donaldson was sentenced, his criminal history subtotal was three (3). Two additional criminal history points were added for being under a criminal justice sentence when he committed the instant Federal offense. This resulted in five criminal history points which yielded a criminal history category of III. A total of three (3) criminal history points yields a criminal history category of II; and the amended guideline range is 235 to 293 months instead of the original range of 324 to 405 months. It is noted that Donaldson's current sentence of 204 months is below the amended guideline range.

In its Response opposing a further reduction in Donaldson's sentence, the Government acknowledges that Donaldson is entitled to a recalculation of his range, "but not necessarily to a lowered sentence." (Doc. 696 at 1). Donaldson previously received the benefit of a reduction in his sentence based on assistance he provided to the Government by testifying at certain trials, including trials of Donterrious Toombs and Stephon Williams. The

2

Government argues that the value of Donaldson's assistance at these trials was called into question when Donaldson wrote a letter to Assistant United States Attorney Leah McEwen indicating that he committed perjury at Toombs' trial. (*See* Doc. 696 at 3; *see also* Case No. 1:13-cr-51, Doc. 448-1 (correspondence from Ms. McEwen to Toombs and Williams dated February 25, 2022)). In his Supplemental Brief, Donaldson did not dispute the Government's statements of the facts regarding recanting his testimony nor the Government's arguments as to the diminished value of Donaldson's assistance. The Government contends that Donaldson's current sentence of 204 months provides him with a 14 percent reduction from the low end of his amended guideline range of 235 to 293 months, and in considering the information currently known to the Court, an additional reduction would be inappropriate under § 3553(a). The Court agrees that by recanting his testimony, Donaldson substantially decreased the value of the assistance he provided to the Government. Thus, any additional departure below Donaldson's minimum amended guideline range that may be allowed under U.S.S.G. § 1B1.10(b)(2)(A), is unwarranted.

As support for his sentence reduction, Donaldson contends that if he was sentenced today, the Court would sentence him at a 1:1 ratio for crack cocaine and powder cocaine. As noted by the Government, Donaldson appears to be referring to the EQUAL Act, which Congress has not yet enacted. If enacted, the EQUAL Act would reduce the crack cocaine/powder cocaine ratio from 18:1 to 1:1. *United States v. Quinn*, No. 22-3262, 2023 WL 5091175, at *1 n.1 & *2 (10th Cir. Aug. 9, 2023) (finding yet-to-be enacted legislation such as the EQUAL Act does not constitute extraordinary and compelling reason to grant defendant's motion for compassionate release). Defendant's Motions to Reduce are based on Amendment 821 which does not contemplate reduction based on potential legislative amendments. The Court concurs with the Government that Donaldson's argument on this basis is without merit.

### III.   CONCLUSION

The Court has conducted a careful and complete review of the Donaldson's Motions to Reduce (Docs. 693, 695), the Government's Response in opposition, and Donaldson's Supplemental Brief. After such review and taking into account the policy statement set forth at U.S.S.G. §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent

that they are applicable, for the reasons stated above, the Court finds that Donaldson's Motions to Reduce are without merit.

Accordingly, Donaldson's Motions to Reduce (Docs. 693, 695) are **DENIED**.

**SO ORDERED**, this 23rd day of December 2024.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**